# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOHN ABUAN, CONSTANCE ABUAN, STEVE STRICKLAND, Et. al.**<br><br>**Plaintiff,**<br><br>v.<br><br>**SGR ENERGY, INC.,**<br><br>**Defendant.** | Case No. 22-32050<br><br>Adversary Case No. _____ |

### COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS UNDER BANKRUPTCY CODE § 523

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, your Plaintiffs and creditors in the above captioned bankruptcy matter, John Abuan, Constance Abuan, Steve Strickland, Michael Blankenship, James Tolbert, Srini Katta, Jennifer Cameron, William M. Howard, Virginia "Jeanne" Howard, Dave Eastman, Jeri Blake, Ron Tucker, Sofia Ruas, Guiseppi Liberati, Ron Krajenke, Lee Lu, Fei Liu, Donald Nelms, Bart Vossen Madeline Loperena, Mark George, Mark Wathen, Joe Hostetler, Andrew Miller, Bart Bartoli and Claudio Gutierrez, Michael Tomes, Ines Tomes, Adrianna Villalobos, Barry Hegrenes and Gerry Shuttlesworth and files this Complaint against SGR Energy, Inc., seeking relief, including but not limited to a declaration of non-dischargeability under for common law fraud and statutory fraud

1

pursuant to Tex. Gov't Code §4008.052 et. seq. and pursuant to Bankruptcy Code § 523(a)(2) and in support thereof respectfully shows the following:

## SUMMARY OF COMPLAINT

Plaintiffs seek relief from the Defendant for clear and obvious fraud relating to procuring investor funds for an oil and gas enterprise based on knowingly false statements and material omissions made for the express purpose of inducing investors to rely on those statements to their extraordinary financial detriment.

Specifically, Defendant, SGR Energy, Inc., owned and operated by Thomas San Miguel[1], represented that SGR was a legitimate oil and gas ongoing concern with millions (and stating hundreds of millions in projected revenue) in revenue generated from actual business operations. Dating from 2018 to the present, Mr. San Miguel, verbally and in writing, made knowingly bloated statements about the enormous success of SGR, its assets, contracts, ongoing business operations, ongoing growth and inevitable lucrative contracts. Those statements included, but were not limited to, SGR's construction of a fuel blending facility, acquiring substantial oil and gas assets, selling hundreds of thousands of barrels of fuel and engaging in substantial oil and gas contracts and relationships. All of the foregoing were apparently false and made for the purpose of inducing Plaintiffs and others to invest in SGR.

SGR's business was limited to representing it was in business to induce investors to fund the persistent representation that it (SGR) was in business. Simply…a circular scheme to defraud.

Year after year, SGR sought investment and reinvestment from Plaintiffs. In doing so, the Defendants, knowingly made false statements regarding SGR's financial condition and/or failed or omitted material information relating to SGR's financial condition and operations, including but not

---

[1] Mr. San Miguel and his wife, Tammy San Miguel filed Chapter 7 bankruptcy in this district under bankruptcy cause number: 22-32820; Further, Mr. San Miguel listed some 13 companies in which he owned and had an interest.

limited to, millions owed to creditors. Soon after receiving Plaintiffs' investments and reinvestments, SGR surprised the investors by filing Chapter 11 bankruptcy wherein it was disclosed that SGR had little to no money in its accounts, has substantial debts to creditors and was using, what the United States Trustee found to be, shotty accounting practices, including unfiled tax returns. None of this material information was disclosed to investors. This revelation is startling because SGR represented to Plaintiffs and potential investors that it was a multi-million dollar company with millions in revenue (and in one instance, billions in projected revenue).

Simply, the Defendant's conduct was intentional and knowing material slight of hand to defraud which is actionable and nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

### PARTIES, JURISDICTION & VENUE

Plaintiff, John Abuan is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Constance Abuan is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Steve Strickland is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Michael Blankenship is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, James Tolbert is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Srini Katta is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Jennifer Cameron is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, William M. Howard is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Virginia "Jeanne" Howard is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Jeri Blake is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Ron Tucker is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Sofia Ruas is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Guiseppi Liberati is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Ron Krajenke is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Bart Vossen is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Donald Nelms is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Madeline Loperena is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Joe Hostetler is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Lee Lu is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Fei Liu is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Bart Bartoli is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Mark Wathen is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Adriana Villalobos is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Gerry Shuttlesworth is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Mark George is an individual investor and shareholder in SGR Energy, Inc.

Plaintiff, Barry Hegrenes is an individual investor and shareholder in SGR Energy, Inc.

Debtor, SGR Energy, Inc. (hereinafter, "SGR" or "Debtor") is a Texas entity entity that may be served by serving its registered agent, Thomas San Miguel at 3707 Cypress Creek Pkwy., Ste. 500 Houston, TX. 77068.

This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). This Court has authority to enter a final judgment pursuant to 11 U.S.C. § 523. The Debtor's conduct renders the debt owed non-dischargeable because the Debtor obtained Plaintiffs' monies by false pretenses, a false representation, or actual fraud, and because the Debtor engaged in fraud and because the Debtor caused a willful and malicious injury to Plaintiffs and their property the debt should be non-dischargeable.

This Court's jurisdiction over this proceeding is exclusive pursuant to 28 U.S.C. § 1334(e) and Fed.Bank.R.Proc. 7001. Venue is proper pursuant to 28 U.S.C. § 1409(a)

4

## APPLICABLE FACTS

### SGR, A Fictitious Business Operation

SGR Energy, Inc., solely owned and operated by Thomas San Miguel (debtor in bankruptcy in cause no. 22-32820; In re: Thomas San Miguel, Jr., and Tiffany Dawn San Miguel) purports to be an oil and gas operating entity representing that it operates internationally. Beginning in 2016, SGR represented to existing and prospective investors and shareholders that it "expanded [its] blending operations. This statement was false as there was no actual blending operations. *Exhibit 1, p. 1*.

In or around January 2017, again SGR, by and through Mr. San Miguel, stated that it was expanding its blending operations. *Exhibit 1. p. 2*. Further, this purported shareholder statement falsely represented that SGR "increased [its] adjusted revenues from $7.2M to $19.M and earning $1.1M in profit. This statement was false, directed at existing and prospective investors purporting to encourage investments. Again, SGR had no ongoing operations that generated revenues or a net profit.

Further, in or around April 2017, SGR and Mr. San Miguel falsely state to existing and prospective shareholders that SGR is continuing "the accelerated revenue growth trend in the 4th quarter. In the 1st quarter we have generated revenues of $27.2 million." *Exhibit 1. p. 3*. This statement is alarmingly false. SGR did not generate revenues anywhere close to $27.2 million dollars…ever.

On July 10, 2017, SGR and Mr. San Miguel, further falsely stated that in the first half of 2017, SGR "generated revenues of $47M…. Net earnings remain strong at $2.9M." This statement is false as SGR had no business operations that generated revenue of $47M and no net earnings of $2.9M. These statements were made to induce investment by Plaintiffs. *Exhibit 1. p. 4*.

These false representations continued into 2018 wherein January 2018, SGR and Mr. San Miguel stated SGR "generated gross revenues of $91.0 million." Again and obviously, this statement was false and circulated to Plaintiffs and similarly situated persons to induce investment. *Id*. This

5

letter contained referenced an increase in SGR share price while offering shareholders and others to purchase additional shares. However, the share price was not based on any real business operation and was wholly fictitious in value.

SGR continued its false representations well into April 2018 and October 2018. None of the representations relating to revenues and net profit from ongoing actual business operations were true. *Exhibit 1. p. 6, 7*.

In July 2018, SGR by and through Mr. San Miguel stated that SGR was "again one of the fastest growing American refined products business in year over year dollar volume and of earnings retained increase." This representation was false as SGR had no apparent business operations that generated revenue. *Exhibit 1, p. 9*.

Later in *Exhibit 1, p. 9*, SGR falsely represents that it closed on its first fuel blending terminal acquisition and that truck operations began in June of 2018. Again, SGR never owned or operated a fuel blending terminal in Leggett, Texas. *Id*.

Moreover, SGR goes on to state that it raised $50 million in capital required to make terminal and marine tanker asset acquisitions. This statement was false. Shortly after, SGR and Mr. San Miguel advertised SGR stock price increases and encouraged reinvestment based on the previously identified and patently false statements.

In January 2019, again SGR and Mr. San Miguel falsely stated that SGR generated gross revenues of $172.5 million. *Exhibit 1, p. 12*. SGR and Mr. San Miguel further stated that SGR acquired a "terminal" in Barranquill, Colombia to increase Caribbean operations. There was no terminal purchase in Colombia. *Id*.

Later in 2019, more false statements claiming SGR generated revenues of $180 million and that a "large majority of revenue coming from the U.S. Gulf Coast and Colombia." There is no evidence this ever occurred. *Exhibit 1, p. 13*.

Moreover, SGR via Mr. San Miguel gave its sales team (charged with raising money from

Plaintiffs) an SGR balance sheet that indicated in years 2017, 2018 and 2019, SGR had $16,029,811; $27,209,499; and $38,988,054 in SGR bank accounts. *Exhibit 2*. These representations to Plaintiffs and others was false. At no time did SGR have anywhere close to those proceeds in its bank accounts resulting from business operations (other than the business of duping investors).

On March 24, 2021, SGR falsely stated in a letter to Plaintiffs (and others) that in 2020 SGR generated gross revenues of $164.6 million. *Exhibit 3*. This statement is fundamentally false in that SGR did not generate any revenues from actual business operations and if so, the revenues generated were not substantial. While making this fundamentally false statement, SGR and Mr. San Miguel were telling Plaintiffs that their purchased share interest was increasing…presumably based on the non-existent SGR business operations.

Approximately in August 2021, mere months before filing voluntary bankruptcy, SGR made a presentation in Las Vegas claiming, "through a combination of strong relationships with leading refiners utilities and, shipowners SGR has become a unique emerging company that is positioned for accelerated growth in our industry." *Exhibit 2*. The presentation went on to state that SGR projected growth revenues of millions and billions into 2024 and that SGR experienced 224% growth in share price (based on actual business operations) since 2016. These statements are demonstrably false. Were made to Plaintiffs and others for the purpose of inducing investments and further investments.

Moreover, in a Private Placement Memorandum (hereinafter, "PPM") to Plaintiffs, SGR represented that it contained a proprietary blend methodology. *Exhibit 4*. However, there is no record or documentation that SGR has a proprietary methodology for clean burning blend stocks for fuel. Accordingly, SGR's representation regarding same was false.

The PPM goes on to state SGR Energy's revenues are projected to grow 50% - a growth rate like that seen historically. Yet, SGR had no substantive revenues if any revenues at all. SGR also represented that concurrent with investment and with the Company's ability to attract and secure #6 oil stocks and blend and produce fuel oil on a larger scale with greater revenue and profit potential,

7

profitability will also grow commensurately. To be clear, SGR had no profitability that could grow commensurately. These statements of viability in the PPM to induce Plaintiffs to act were false.

Further, SGR represented in the PPM that with its ongoing growth, it forecasted either a public offering of our company stock or a sale of the business to a financial or strategic acquirer. Conversely, SGR had no measurable growth and to date, to no actual steps were taken at any time towards a public offering nor sale of its business.

The PPM went on to state, that SGR intends to use these proceeds from the Plaintiffs to execute on existing contracts and close on identified assets. Again, this statement is materially false in that there were no existing contracts and no identified assets subject to any contractual relationship.

While raising investment proceeds from Plaintiffs, SGR stated in the PPM that Plaintiffs' monies may be reallocated at the discretion of the "Board of Directors" but will be in furtherance of our strategy to achieve growth. Consistent with the identified pattern of deception, there was no SGR Board of Directors. There was only, Mr. San Miguel.

Additionally, to induce Plaintiffs to act, SGR stated that it invested, and intends to continue to invest, in facilities, equipment, and personnel to continuously increase, expand, and update its capabilities. This statement is materially false in that SGR owned no facilities, equipment or personnel that engaged in blended fuel operations. Further, SGR had no contracts to do so, and no revenues generated therefrom.

**SGR Power Point**

As a part of its ongoing falsities of a legitimate company, SGR released a power point to Plaintiffs identifying itself as a "Global Trading Partner" and stating that SGR developed a proprietary solution and is already capable of delivering a low sulfur, cleaner burning heavy fuel to meet the needs of the world's industrial burners cost effectively. *Exhibit 2*. This representation is false in that SGR never engaged in any business using low-sulfur, cleaner burning heavy fuel operations.

8

In same, SGR stated that its proprietary blending platform was a leading solution to stave off massive increases in shipping costs. Again, SGR owned nor operated a blending platform and was certainly not a leading provider of a "solution" to stave off massive increases in shipping costs.

Moreover, SGR stated in the power point that the proprietary part of its product is blended at its new facility (under construction) and that the pre-blend is then transported to shore tanks at a larger facility and mixed with residual, and distillates; that the final blend is inspected, loaded onto a shipping vessel, re inspected, and then transported to the client. None of these statements is true, especially respecting that SGR did not have a blending facility under construction.

Most egregiously, SGR further represented in the power point that it forecasted revenue of $315.6 million and gross profit of $51.3 million in 2019. Further, SGR's power point stated that it projected $671.8 million in revenue and gross profit $110.5 million in gross profit in 2020 and 1.215.9 billion in revenue and gross profit of $199.9 for 2021. Factually, in none of those years did SGR have any profits, at all, from any business operations.

**2021 Bankruptcy Trustee's Report**

On November 15, 2021, SGR filed for Subchapter V voluntary bankruptcy in case no. 21-60090; In re: SGR Energy, Inc; in the United States Bankruptcy Court Southern District of Texas.

As a part of those proceedings the appointed bankruptcy Trustee filed on November 22, 2021, a status report (hereinafter "the Report") to the bankruptcy court. After reviewing SGR documents, the Trustee found that as of December 2021 the documents contained inaccuracies and more importantly, that Mr. San Miguel alone, reconciled SGR's bank accounts, that the bank statements were not reconciled at any period before 2021, that SGR was either delinquent or failed to file any tax returns since 2016 and that SGR was reported on Mr. San Miguel's personal taxes on a schedule C and most importantly, that SGR had approximately $63,000 in the account and purportedly $33M of accounts receivable from purportedly one account debtor.

Additionally, the Trustee stated and recommended that the financial information could not be independently verified and that the Trustee recommended to the bankruptcy court that the SGR by and through Mr. San Miguel should immediately (1) correct the inaccuracies in its financial statements; (2) file declarations in accordance with 11 U.S.C. § 1187(a), 1116(1)(B)[2]; and (3) secure appropriate tax and accounting professionals to prepare and file outstanding tax returns.

Trustee's report revealed that none of SGR's apparent actual financial condition was ever disclosed to investors while Plaintiffs and others invested millions into SGR.

**High Drive Interview**

SGR by and through Mr. San Miguel circulated an interview on High Drive (a business podcast), to the Plaintiffs. In the interview, the following exchange occurred between Mr. San Miguel and the interviewer, Ashley Johnson:

> "<u>Ashley</u>: Tell me what other exciting things are going on at SGR? You're building a facility, I know you've got some other things in the plans?
>
> <u>Tommy</u>: Yes. We broke ground on an 18-acre, 250,000-barrel, proprietary blending facility just north of Houston, in Leggett, Texas, where we will do 90% of our proprietary blending in the US at that facility. It'll be the highest EBITDA producer in the company, we're very excited about that. It will have 250,000-barrels of storage on the first phase of it. It will be rail and truck, in and out, possibly pipeline, as well. Once we have that facility up and running we'll build similar facilities around the world, so we're excited. As I mentioned earlier, we're actively looking for terminalling and logistics assets. We've currently identified four terminalling assets; three in the US; one in Central America that we would like to acquire. We are aggressively going after assets to get onto our balance sheet to grow the company."

Clearly, SGR did not break ground an 18-acre, 250,000 barrel facility. Resultantly, none of the subsequent statements of operational and revenue viability were true. Mr. San Miguel, on behalf of SGR circulated this interview to encourage Plaintiffs to believe the credibility of SGR.

To be sure, each of the above representations by SGR was false. Those statements were made

---

[2] The United States bankruptcy court adopted the Trustee's Report and Ordered Mr. San Miguel to produce sworn financial documents. Thereafter, Mr. San Miguel sought to expeditiously terminate the bankruptcy proceedings.

with the intent that each Plaintiff rely on those statements to believe SGR had then existing business operations, was generating revenue from those operations, owned valuable oil and gas assets, was engaged in contracts with third parties and most importantly that the company had millions of dollars in projected profits based on business activity.

### 2021 September Las Vegas Money Show

Whilst referenced earlier herein, in or around September 2021, SGR participated in "The Money Show" in Las Vegas. Mr. San Miguel publicly represented and touted the financial stability of SGR as a whole. Mr. San Miguel further stated that a large customer that never missed a payment would resolve its debt obligation to SGR by years end.

Directly, Mr. San Miguel stated the transaction expected to yield payments of $18M-$20M by years end (of 2021). This statement was knowingly false. There was no obligation owed to SGR for $18M-$20M.

Further, at The Money Show SGR falsely represented that showed an overview of its business involving several ports in the U.S. and in Colombia and plans for oil pipeline in Texas. During tis presentation, SGR solicited more investors to invest immediately and as an incentive, SGR offered matching 50% of monies invested at the show, which would be paid with the 3rd Quarter dividends.

During this presentation, SGR never mention of any financial issues that were later identified in bankruptcy just weeks later. The presentation was a positive picture, "rags to riches" story about Mr. San Miguel, how he got into the business, the accomplishments of SGR and how it was taking advantage of and processing oil by-products. SGR went so far as to represent that its fuel product was the highest grade and met, and or exceeded, all the environmental requirements of the industry, putting them ahead of their competition.

Plaintiffs relied on the combination and totality of all the false representations identified herein. SGR's false statements were made with the intent that Plaintiffs rely on same and Plaintiff did in fact rely on the identified false statements to their financial detriment.

11

**Causes of Action**

**11 U.S.C. §523(a)(2)(A) property obtained by false pretenses, a false representation, and/or actual fraud**

Plaintiffs reiterates the facts set forth above.

In order to establish a fraud claim under Texas law, a plaintiff must demonstrate the following elements:

(1) the defendant made a material representation;

(2) the representation was false;

(3) the defendant knew the representation was false or made it recklessly without any knowledge of its truth;

(4) the defendant intended to induce the plaintiff to act upon the representation; and

(5) the plaintiff justifiably relied on the representation, which caused the plaintiff injury.

Texas recognizes several fraud-related claims, which include the following:

- Fraudulent misrepresentation (actual fraud);
- Constructive fraud;
- Fraudulent nondisclosure;
- Fraudulent inducement;
- Statutory fraud;
- Negligent misrepresentation;
- Fraudulent transfer;

The debts owed to Plaintiffs represents money that the Debtor obtained by false pretenses, false representations and actual fraud as described above and should be declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Debtors secured Plaintiffs investment capital by providing fraudulent misrepresentations, including but not limited to the representations described herein. The reality is that SGR was not an ongoing business enterprise generating revenue that was engaged in the conduct represented in the PPM, power point and pod case interview. The Debtor made the foregoing representations with actual knowledge that they were false or with reckless disregard for the truth. Debtors made the representations with the actual intent to deceive, and that Plaintiffs rely on the misrepresentations in order to invest their hard earned money. Plaintiffs did in fact rely on the

Debtor's false representations to their financial detriment and the as a result of the Debtor's fraud the money owed to Plaintiffs should be excepted from discharge under Bankruptcy Code § 523(a)(2).

**Texas Securities Act - Fraud**

To prevail on a claim for fraud under the Texas Securities Act, a plaintiff must demonstrate:

- A sale (or offer to sell) as defined by the Texas Securities Act;[63]
- An instrument or transaction that is a security as defined by Texas Securities Act;[64]
- The offer to sell or sale is made "by means of:" 1) an untrue statement; or 2) omission to state a fact;
- The statement of fact or omitted fact is "material;"
- Whether the omission is misleading depends on the "light of the circumstances under which they are made;"
- The untrue statement or statement with a material omission needs to have been made to the plaintiff or the "by means of" requirement must be otherwise fulfilled; and
- The plaintiff must be in statutory privity with the defendant and must have purchased the security from the defendant who sold him or her the security.

Here, SGR's actions in creating the illusion of a financially sound oil and gas company in order to induce investments from hard working Plaintiffs is unconscionable fraud. The Defendants intentionally omitted or fabricated the financial strength of SGR.

A plain reading of SGR's material statements on SGR's PPM, private placement and other promotional material made clear that those representations were made with the intent of convincing investors that SGR was a real operation…yet those representations (numerous as they were) were knowingly false.

Specifically, Mr. San Miguel's statements in shareholder letters were false, misleading, omitted facts and designed to mislead investors.

Resultantly and more poignantly, SGR sought bankruptcy protection due to is self-inflicted financial strife while simultaneously representing to investors that SGR was sound and warranted

more investment and failed to disclose millions owed and no revenue coming except from duped investors. SGR's conduct is fraud and statutory fraud warranting relief for Plaintiffs. Tex. Gov't Code §4008.055.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that summons issue and upon final trial the Plaintiffs should be granted judgment that all the foregoing claims are owed and are non dischargeable, and for all other relief to which he is entitled.:

Respectfully Submitted,

**GREALISH MCZEAL, P.C.**

By: */s/Marcellous S. McZeal*
    Marcellous S. McZeal
    Texas Bar Number 00798368
    Southern District of Texas Bar No. 21271
    700 Louisiana, 48th Floor
    Houston, Texas 77002
    Telephone: (713) 255-3234
    Facsimile: (713) 783-2502
    mmczeal@grealishmczeal.com

    ATTORNEY-IN-CHARGE FOR
    PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing instrument was forwarded to all counsel of record using the Court's ECF system, which will cause a true and correct copy be served on this the 19th day of October, 2022.

    */s/ Marcellous S.McZeal*
    Marcellous S. McZeal